Juan Jose MARAVILLA–ALVAREZ,
Petitioner,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 05–71126.

United States Court of Appeals,
Ninth Circuit.

Submitted March 12, 2007.*

Filed March 15, 2007.

Juan Jose Maravilla–Alvarez, Florence, AZ, pro se.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Office of the District Chief Counsel U.S. Department of Homeland Security, Phoenix, AZ, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: KOZINSKI, LEAVY, and
BYBEE, Circuit Judges.

### MEMORANDUM **

Juan Jose Maravilla–Alvarez, a native and citizen of Mexico, petitions pro se for review of an order of the Board of Immigration Appeals ("BIA") affirming without opinion an immigration judge's ("IJ") order denying his application for lawful permanent resident cancellation of removal. To the extent we have jurisdiction, it is pursuant to 8 U.S.C. § 1252. We deny the petition for review in part and dismiss it in part.

Reviewing de novo, *Altamirano v. Gonzales*, 427 F.3d 586, 591 (9th Cir.2005), we conclude that the government met its burden of demonstrating that Maravilla–Alvarez is inadmissible pursuant to 8 U.S.C. § 1182(a)(6)(C)(ii)(I), for falsely representing himself to be an American citizen in order to gain admission. In light of this determination, we need not reach Maravilla–Alvarez's contentions regarding the other grounds of inadmissibility.

The IJ denied Maravilla–Alvarez's cancellation of removal application in the exercise of his discretion. Pursuant to 8 U.S.C. § 1252(a)(2)(B)(i), we lack jurisdiction to review this determination. *See Romero–Torres v. Ashcroft*, 327 F.3d 887, 890 (9th Cir.2003) ("We [have] interpreted (B)(i) to encompass all discretionary decisions involved in the cancellation of removal context, including the ultimate discretionary decision to deny relief."); *see also Martinez–Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir.2005).

Maravilla–Alvarez's due process challenge to the BIA's use of its streamlining procedure is foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 852 (9th Cir.2003), and his remaining contentions are unpersuasive.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.